Keith **FRAZIER**, Petitioner–Appellant,

v.

Hearing Officer **JACKSON**; Warden Hoyt Brill; Private Prisons Monitoring Unit Designee John Doe; Colorado Department of Corrections, Respondents–Appellees.

No. 09–1429.

United States Court of Appeals, Tenth Circuit.

Dec. 3, 2009.

---

Keith E. Frazier, Las Animas, CO, pro se.

Before HARTZ, ANDERSON, and SEYMOUR, Circuit Judges.

## ORDER DENYING CERTIFICATE OF APPEALABILITY

HARRIS L. HARTZ, Circuit Judge.

Keith Frazier is a prisoner in the custody of the Colorado Department of Corrections at the Crowley County Correctional Facility in Olney Springs, Colorado. He filed a *pro se* application for writ of habeas corpus under 28 U.S.C. § 2241 in the United States District Court for the District of Colorado. The district court dismissed the application and denied relief. He seeks a certificate of appealability (COA) from this court to appeal the denial of his application. *See Montez v. McKinna,* 208 F.3d 862, 868–69 (10th Cir.2000) (requiring a COA to appeal dismissal of habeas application brought by state prisoner under 28 U.S.C. § 2241 or § 2254). We deny a COA and dismiss the appeal.

## I. BACKGROUND

While correctional officers were conducting a prisoner count in Mr. Frazier's prison area on May 22, 2005, he was involved in an altercation with his cellmate inside their cell. As a result of the incident he was charged with two prison disciplinary offenses, fighting and count interference. He argued that he was not guilty of either disciplinary offense because he had acted in self-defense after being attacked by his cellmate, but he was convicted of both and

sentenced to 20 days in segregation. The disciplinary convictions were affirmed both on administrative appeal and in state-court proceedings.

In July 2009 Mr. Frazier filed his § 2241 application in district court. He challenged the validity of his disciplinary convictions on four grounds: (1) that there was insufficient evidence to convict him of the disciplinary offenses; (2) that he was denied his due-process right to a fair hearing because he could not call certain witnesses at his administrative hearing; (3) that the warden did not timely review his administrative appeal; and (4) that his administrative appeal was not reviewed by the Private Prison Monitoring Unit of the Colorado Department of Corrections. He argued that the allegedly erroneous disciplinary convictions resulted in a loss of earned-time credits and other "potential collateral consequences." R. at 25. He requested an order expunging the disciplinary convictions "so that he can recover 'earned-time' credits against his sentence that he has lost." *Id.*

The district court denied Mr. Frazier's application. It concluded that he could not obtain habeas relief because even if his contentions were meritorious, he would not be entitled to immediate or speedier release. The district court denied Mr. Frazier's request to reconsider.

## II. DISCUSSION

Because Mr. Frazier was denied a COA by the district court, he may not appeal the district court's decision absent a grant of a COA by this court. *See Montez,* 208 F.3d at 868–69. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires "a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree

that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotation marks omitted). If the application was denied on procedural grounds, the applicant faces a double hurdle. Not only must the applicant make a substantial showing of the denial of a constitutional right, but he must also show "that jurists of reason would find it debatable ... whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

An application for habeas relief may be granted only "when the remedy requested would result in the prisoner's immediate or speedier release from ... confinement." *Boutwell v. Keating,* 399 F.3d 1203, 1209 (10th Cir.2005). Mr. Frazier contends that the district court erred in concluding that the disciplinary proceedings did not affect the duration of his sentence. He argues that both the loss of earned-time credits and other potential collateral consequences from his disciplinary convictions—such as the denials of release on parole, transfer to community corrections, and sentence reconsideration—resulted in a longer period of incarceration. In particular, he contends that if he were successful in his claim, the earned-time credits would entitle him to earlier release from custody.

We disagree. Mr. Frazier has not demonstrated that either earned-time credits or the potential collateral consequences he identifies would entitle him to earlier re-

lease. Under Colorado law, earned-time credits "only serve the purpose of determining an inmate's parole eligibility date," and do not determine a mandatory date for release from incarceration. *Meyers v. Price,* 842 P.2d 229, 232 (Colo.1992) (internal quotation marks omitted). We, too, have noted that under Colorado's statutory scheme, "when the inmate's actual time served, presentence confinement credit, and good time and earned time credits equal or exceed the sentence imposed, he is not entitled to an unconditional release, but rather has earned the right to be considered for parole." *Fultz v. Embry,* 158 F.3d 1101, 1103 (10th Cir.1998) (internal quotation marks omitted). Mr. Frazier argues, however, that Colo.Rev.Stat. § 17–22.5–402(2), which states that "the full term for which an inmate is sentenced shall be reduced by any earned release time and earned time," represents superseding authority that abrogates *Meyers.* Under that statute, he argues, earned-time credits entitle him to earlier release and represent time served. But § 17–22.5–402(2) has not changed since *Meyers* in any respect material to Mr. Frazier's claims. Section 17–22.5–402(2) was originally enacted in 1990, *see* 1990 Colo. Legis. Serv. 1327 § 19, and was expressly considered by the Supreme Court of Colorado in *Meyers. See Meyers,* 842 P.2d at 231. The section has been amended since 1990, but Mr. Frazier points to no amendment that would alter the decision in *Meyers.* He therefore cannot show that he would be entitled to speedier release based on earned-time credit even if he prevailed on his claim.

As for the potential collateral consequences of which Mr. Frazier complains, we have recognized that "the connection between a disciplinary decision and the length of a prisoner's sentence may be sufficient to establish a liberty interest when the prisoner establishes that the decision was the only factor that lengthened the sentence." *Wilson v. Jones,* 430 F.3d 1113, 1119 (10th Cir.2005). But Mr. Frazier has not shown that the denial of his release on parole, placement in community corrections, or sentence reconsideration was the result of his disciplinary convictions. Indeed, he concedes that no reason was given for any of these denials.

## III. CONCLUSION

Because no reasonable jurist could debate whether Mr. Frazier's application ought to have been granted, we DENY his request for a COA and DISMISS his application. We GRANT his motion to proceed *in forma pauperis.*